*56 OPINION of the Court, by
Judge WALLACE.'-
— The appellee in this court, was the complainant in the court below, and obtained a decree in his favor. The errors assigned call in question the validity of his entry-, and the propriety of the survey made thereon. This entry is as follows : “ june 24th, 1780, Edmond Byne enters 1000 acres upon a treasury warrant, on the waters of Licking, on the road from Riddle’s Station to the Blue Licks, at the second improvement about three miles from Riddle’s, extending east for quantity.” It is proven and seems to be conceded, that before this entry was made, the place called Riddle’s or Ruddle’s Station was notorious ; and it is proven, that from thence a Buffalo road led to the lower Blue. Licks, and none to the upper Blue Licks ; from which it seems also to be conceded that the lower Blue Licks was intended by the locator. But there is a great contrariety in the testimony respecting the situation of the second improvement called for, none of which is discredited by other testimony, or by any thing on the face of the depositions. John Conway and James Ruddell depose in substance, that they resided at Ruddle’s Station in the year 1779, and until June in the year 1780; that they were well acquainted with the Buffalo road leading from Rud- *57 deil s station to the lower Blue Licks ; that the improvement claimed by Byne, designated B. on the connected plat, was known at that period, as the second improvement from that station along the said road ; that it consisted perhaps of 15 or 20 cabin logs lying on the ¡road, between 3 or 4 miles from the station, and a few poles from an Elm marked I. L ; that if there had been any other plain improvements, they think they shoald have known them ; and that they would have directed an enquirer to this place as the second improvement. In opposition to these, is the testimony of Savmiel M’-Mullin, John Martin and Benjamin Harrison, who in substance depose, that in the year 1775 or 1776, they frequently travelled this road ; that there were two improvements thereon, between Ruddell’s station and the improvement at B. and Martin speaks of three, and Harrison of more than three. They all however accord in representing that there were two of nearly the same kind and extent as the one at B. This contrariety might perhaps be satisfactorily accounted for, by supposing that between 1776 and 1779, all these improvements but one had béeú obliterated or become obscure. But Joseph Patton deposes, that as late as the year 1784, he saw three improvements similar to those described by Martin ; and David Marshall deposes, that in the last mentioned year, he saw the second improvement which is proven by M’Mullin. So that it seems to this court it must be inferred, that in the year 1780, the improvement at B, claimed by Byne, was at least the third improvement, which might easily have been found on the road leading from Ruddell’s station to the lower Blue Licks. It ought also to be observed, that the improvement claimed ,by Byne and approbated by the decree in question, is four miles from Ruddell’s station instead of three, and the improvement designated E, on the connected plat, is much nearer three miles, and the improvement designated R, appears to be almost precisely at that distance. But notwithstanding, as general reputation in cases of this kind is not always in strict conformity with existing facts, had such reputation been explicitly proven, still this decision might have been correct. But Conway and Ruddell only express, that the improvement claimed by Byne wa§*in the year 1780, known to be the second improvement on the road from *58 Ruddell’s Station to the lower Blue Licks ; which doe$ not necessarily imply, that it was generally known, or reputed to have been so. And in every other point of view, their testimony is of the negative kind. But there is positive proof, that in the year-1775 or 1776, there were other improvements which more nearly accorded with all the calls of the entry, and that two of those improvements, were visible as late as the year 1784, of which, the one designated R, was the most completely so. This court is therefore of opinion, that Byne’s survey should have begun at that place, and not at B.
That it was known as the second does not necessarily imply that k was generally known and reputed as such — See accord. Williams vs* Taylor) ante 41* Same principle Wilson k/s, M'~ Gee, ante 34— Speed %is. WiU ¡on, Pr* Dec. 93’
*58 Wherefore, it is decreed and ordered, that the said decree of the circuit court for the county of Bourbon, be reversed, and that the appellee do pay unto the appellants their costs incurred in this court. And it is further decreed, and ordered, that the suit be remanded to the said circuit court, that it may cause a survey to be made on the said Byne’s entry, beginning at the place designated R, On the connected plat, filed in the suit, and extending therefrom in the same manner as it was directed by the said decree to be extended from the place designated B ; and moreover, enter up a decree in his favor accordingly, and also decree and order, whatever else law and equity may require.